**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3540
_____

YAKIK RUMLEY,
                              Appellant

v.

DEMOCRACY PREP, (Freedom Prep)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-14316)
District Judge:  Honorable Renée M. Bumb

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 1, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: May 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Yakik Rumley appeals the District Court's order declining to exercise supplemental jurisdiction over a state law claim and denying his motion to reopen as moot. For the reasons below, we will affirm the District Court's judgment.

Rumley applied for a position teaching high school with Appellee Democracy Prep. Appellee offered him the position but rescinded the offer after it learned that Rumley had a criminal conviction[1] he did not disclose on his job application.[2] After filing a complaint with the EEOC and receiving a right-to-sue letter, Rumley filed a complaint in the District Court for the District of New Jersey. In his complaint, Rumley alleged that Appellee violated Title VII because it terminated his offer of employment after performing an internet search and failed to allow him to respond to what it found. The District Court denied Rumley's application to proceed in forma pauperis (IFP)

---

[1] Rumley attached to his complaint an order by the New Jersey Department of Education State Board of Examiners suspending Rumley's teaching certificates for two years. The Board noted that Rumley had permanently surrendered his New York teaching certificates as part of a guilty plea to disorderly conduct. The Board described the incident: "Rumley had allegedly assaulted and threatened a student by telling the student 'Don't lie on me again or I'll f-ck you up,' and squeezing his hands around the student's neck, pushing him into a wall and later scratching his face." The Board also related a subsequent conviction arising from when "Rumley physically injured his girlfriend's friend when he forced his way into their apartment after being refused entry."

[2] Rumley claims that Appellee conducted an unauthorized internet search and he was not given the opportunity to explain his criminal history before the offer was rescinded. However, the copy of the application he submitted with his brief asks about criminal convictions or pending charges. The application requests that an applicant answering that question in the affirmative explain the conduct behind the conviction and why Appellee could be confident that such conduct would not be repeated or affect his work with Appellee. Thus, Rumley did have the opportunity to explain why he should still be considered for the job despite his criminal history. He chose instead to answer "No" to the question about criminal convictions. He then certified that the information he

without prejudice because his IFP application did not establish his inability to pay the filing fee. The District Court noted that Rumley's allegations did not state a claim for discrimination in violation of Title VII because having a prior criminal conviction was not a protected status. The District Court granted him leave to amend his complaint.

Rumley filed an amended complaint alleging that Appellee violated a New Jersey state law, the Opportunity to Compete Act (OCA), because it considered his criminal history before he could complete a background check document. See N.J. Stat Ann. § 34:6B-14(a). The District Court again determined that Rumley had not established his inability to pay the filing fee and denied his IFP application without prejudice. It also observed that Rumley had failed to state a claim under the OCA because he alleged that Appellee investigated his criminal history after an offer had been extended and not during the initial application process. See N.J. Stat Ann. § 34:6B-14(c) (nothing prohibits employer from inquiring about criminal record after initial employment application process). The court noted that the OCA did not prevent employers from refusing to hire an applicant based on his criminal record. Id. The District Court gave Rumley thirty days to amend his complaint a second time. It warned him that a failure to file an amended IFP application and second amended complaint would result in the dismissal of the case with prejudice.

Rumley paid the filing fee for the complaint but did not file a second amended complaint within the thirty-day period allowed by the District Court. Instead he

---

provided was "true, complete, and correct" and authorized Appellee to contact and obtain information from, inter alia, public agencies and licensing authorities.

submitted a letter from a Legal Services attorney written to Appellee on Rumley's behalf.[3] The District Court dismissed the case with prejudice on September 20, 2019. In response to a subsequent filing by Rumley, the District Court gave Rumley thirty days to file a motion pursuant to Rule 60(b) to reopen the case. Rumley then filed a Second Amended Complaint alleging that Appellee had asked about his criminal history on the initial job application.

By order entered October 16, 2019, the District Court declined to exercise supplemental jurisdiction over the only remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3) and denied the motion to reopen as moot. It also noted that Rumley could not meet the amount in controversy requirement for diversity jurisdiction because the New Jersey state law explicitly disclaimed a private right of action for job applicants and the civil penalty was limited to $10,000. See N.J. Stat Ann. §§ 34:6B-18 & 34:6B-19. In addition, the court observed that employers that are required to conduct background checks, like schools, are exempt from the state law at issue. Rumley filed a notice of appeal from the District Court's October 16, 2019 order, and we have jurisdiction pursuant to 28 U.S.C. § 1291.[4]

---

[3] In the letter, the attorney stated that Rumley indicated that he did not falsely fill out any job application and was never asked to complete a written employment application.

[4] Because Rumley's Rule 60(b) motion was filed within 28 days of the September 20, 2019 judgment, the time to appeal the September 20, 2019 order ran from the entry of the order denying the Rule 60(b) motion. Fed. R. App. P. 4(a)(4)(A)(vi). Thus, the scope of the appeal encompasses both the order dismissing the case with prejudice as well as the order denying the motion to reopen.

In his brief, Rumley argues that the District Court erred in determining that Democracy Prep is a school in New Jersey. However, the District Court's discussion of Appellee's possible exemption from the Opportunity to Compete Act was not part of its dispositive holding. The District Court declined to exercise jurisdiction over that state law claim. It then pointed out that, in any event, the claim was without merit. Rumley does not argue on appeal that the District Court abused its discretion in declining to exercise supplemental jurisdiction over his state law claim, and this argument is waived. See 28 U.S.C. § 1367(c); Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). Nor does he contend that the District Court erred in determining that it did not have diversity jurisdiction over this state law claim. See 28 U.S.C. § 1332. Moreover, we see no error or abuse of discretion in the District Court's conclusions.

Rumley also argues that the District Court erred in concluding that he had failed to state a claim for discrimination under Title VII because having a criminal record is not a protected characteristic. He contends that job decisions based on criminal record disparately impact African-Americans and, because he is African-American, he stated a claim for disparate impact discrimination based on race. However, besides checking the boxes on his original form complaint to indicate that the alleged discrimination was based on race and color, Rumley did not make any allegations of discrimination based on race or color or disparate impact in the complaint. He simply alleged that his employment offer was rescinded by Appellees without allowing him to list any prior convictions or respond to what Appellees had discovered. He did not amend his Title VII claim and

include it in either his Amended or Second Amended Complaints. He cannot now raise a disparate impact argument on appeal. See Webb v. City of Philadelphia, 562 F.3d 256, 263 (3d Cir. 2009) (failure to raise issue results in waiver); United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998)("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal.").

The dismissal of the state law OCA claim pursuant to 28 U.S.C. § 1367(c) should have been without prejudice. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). We will, therefore, modify the District Court's judgment to dismiss the state law claim without prejudice and, for the reasons given in this opinion, affirm the District Court's judgment as modified. Appellant's motion to supplement the record is denied.